Nathan Brown
BROWN PATENT LAW
15100 N 78TH WAY Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Stanley Jones**, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**Circle K Stores, Inc**., a Texas Corporation,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Stanley Jones ("Jones" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Circle K Stores, Inc. ("Circle K" or "Defendant") to stop Circle K from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by Circle K's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all

CLASS ACTION COMPLAINTDEMAND FOR A JURY TRIAL - 1

other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

2. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

3. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

4. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id*.

5. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

CLASS ACTION COMPLAINTDEMAND FOR A JURY TRIAL - 2

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

### CIRCLE K

6. Circle K runs a chain of gas stations and convenience stores throughout the US, as well as other parts of the world.

7. Part of Circle K's marketing plan includes sending text messages *en masse* to consumers regarding promotions and other incentives that are meant to bring consumers into Circle K's chain of stores.

8. Such text messages are sent using an autodialer without the necessary express written consent.

9. Plaintiff received an autodialed text message to his cellular phone from Defendant asking him to approve receiving automated marketing messages from Circle K.

10. In response to this text message, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Circle K to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, as well as an award of statutory damages to the members of the Class.

### PARTIES

11. Plaintiff Jones is a Campbellsburg, Kentucky resident.

CLASS ACTION COMPLAINTDEMAND FOR A JURY TRIAL - 3

12. Defendant Circle K is a Texas corporation with its head office located in Tempe, Arizona. Circle K does business throughout Arizona and the United States.

## JURISDICTION AND VENUE

13. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

14. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

### Circle K Sends Unsolicited Text Messages Using an Autodialer

15. Circle K runs a rewards program called "Easy Rewards" to incentive consumers to shop at Circle K, for which it sends unsolicited sign up text messages to consumers.

16. In sending the unsolicited text messages at issue, Defendant, or a third party acting on its behalf, used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to call numbers

CLASS ACTION COMPLAINTDEMAND FOR A JURY TRIAL - 4

from pre-loaded lists.  This is evident from the circumstances surrounding the text messages, including the ability to trigger an automated response by replying "YES," and "STOP", the text messages' commercial and generic content, that they were sent without consent, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

17. On September 9, 2019 at 7:55 PM, Plaintiff Jones received an autodialed text message on his cell phone from Defendant using shortcode 253279:



18. The text message that Plaintiff received provides the phone number 855-276-1947.

19. Circle K owns phone number 855-276-1947 and uses it in connection with the Circle K Easy Rewards program:

CLASS ACTION COMPLAINTDEMAND FOR A JURY TRIAL - 5

[1]

20. Plaintiff has never consented to Circle K sending him automated text messages to his cell phone.

21. The unauthorized text message that was sent by Circle K, as alleged herein, harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Jones's use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

22. Seeking redress for these injuries, Jones, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

---

[1] https://www.circlek.com/easyrewards

CLASS ACTION COMPLAINT DEMAND FOR A JURY TRIAL - 6

# CLASS ALLEGATIONS

## Class Treatment Is Appropriate for Plaintiff's TCPA Claim

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendant used to text message Plaintiff, (4) for whom Defendant claims (a) it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to text message Plaintiff, or (b) it did not obtain prior express consent.

24. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the

legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

25. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether Defendant used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Class;

    (b) whether Plaintiff and members of the Class consented to receiving text messages from Defendant sent using an automatic telephone dialing system;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

CLASS ACTION COMPLAINTDEMAND FOR A JURY TRIAL - 8

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

28. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an

CLASS ACTION COMPLAINTDEMAND FOR A JURY TRIAL - 9

1  individual basis. A class action provides the benefits of single adjudication,

2  economies of scale, and comprehensive supervision by a single court.

# FIRST CAUSE OF ACTION

## Telephone Consumer Protection Act
## (Violations of 47 U.S.C. § 227)
## (On Behalf of Plaintiff and the Class)

29. Plaintiff repeats and realleges paragraphs 1 through 28 of this Complaint and incorporates them by reference.

30. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

31. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Class to receive such solicitation text messages.

32. Defendant's conduct was negligent, wilful, or knowing.

33. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to between $500 and $1,500 for each and every text message.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jones, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff Jones requests a jury trial.

Respectfully Submitted,

**STANLEY JONES**,
individually and on behalf of those similarly situated individuals

Dated: October 23, 2019     By: /s/ *Nathan Brown*
Nathan Brown
Telephone: (602) 529-3474
Nathan.Brown@BrownPatentLaw.com
*Local Counsel for Plaintiff and the putative Class*

CLASS ACTION COMPLAINTDEMAND FOR A JURY TRIAL - 12